748 So.2d 337 (1999)
TIG INSURANCE COMPANY, Appellant,
v.
SWEET FACTORY, INC., Appellee.
No. 99-117.
District Court of Appeal of Florida, Fifth District.
December 3, 1999.
Rehearing Denied January 7, 2000.
*338 Michael P. Murphy and Jodyann Galvin of Hodgson, Russ, Andrews, Woods & Goodyear, LLP, Boca Raton and Geralyn M. Passaro of Peters Robertson Demahy Parsons Mowers Passaro & Drake, P.A., Fort Lauderdale, for Appellant.
Kevin M. Kearney, of Hodgson, Russ, Andrews, Woods & Goodyear, LLP, Buffalo, New York, pro hac vice, for Appellant.
Robert B. Nadeau, Jr. and Virginia B. Townes of Akerman, Senterfitt & Eidson, P.A., Orlando and Jonathan B. Sokol of Greenberg Glusker Fields Claman & Machtinger LLP, Los Angeles, California, for Appellee.
COBB, J.
TIG Insurance Company ("TIG") appeals an order granting summary judgment to appellee Sweet Factory, Inc. ("Sweet Factory"). TIG contends that the court erred in determining that TIG owes the duties of defense and indemnification to Sweet Factory under a policy of employers' liability insurance. TIG argues, inter alia, that its policy exclusions are not ambiguous.
In 1995, Sweet Factory, a corporation which operates candy stores throughout the United States, obtained a Workers Compensation and Employers Liability Insurance Policy from TIG. The employers liability portion of the policy contains the following provisions, the effect of which is disputed:
A. How This Insurance Applies
This employers' liability insurance applies to bodily injury by accident or bodily injury by disease.
* * *
C. Exclusions This insurance does not cover:
* * *
5. bodily injury intentionally caused or aggravated by you;
* * *
7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions....
In August 1997, a complaint was filed against Sweet Factory and a store manager, John Patrick Grady, by a sixteen-year-old employee, B.W., and his mother. The complaint alleged that while the employee worked at Sweet Factory's Florida Mall store, he was sexually harassed by Grady; the complaint contains counts of sexual harassment, negligent hiring and retention and battery.
Sweet Factory demanded that TIG defend and indemnify it in the suit filed by B.W. TIG agreed to defend but reserved its rights on both the duty to defend and to indemnify. Thereafter, TIG filed a petition for declaratory relief to determine its obligations to Sweet Factory in the B.W. suit. TIG alleged that the suit was not within the coverage because B.W.'s injuries were not caused "by accident" under the policy and that one or more exclusions took the suit outside the policy coverage. Sweet Factory filed a counterclaim for declaratory relief seeking a declaration of TIG's duties under the policy. The parties *339 each filed motions for summary judgment and the court entered the appealed order, which provides in part:
1) There are no genuine issues of material fact.
2) Petitioner, TIG Insurance Company's Motion for Summary Judgment is DENIED.
3) Respondent Sweet Factory, Inc.'s Motion for Summary Judgment is GRANTED.
4) Petitioner has a duty to defend Respondent on all four counts raised in the complaint in the case of B.W., et al. v. Sweet Factory, Inc., Case No. CI97-6929, which is pending in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.
5) Petitioner has a duty to indemnify Respondent for all sums for which Respondent is held liable on all four counts raised in the complaint in the case of B.W., et al. v. Sweet Factory, Inc., Case No. CI97-6929, which is pending in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida.
Contrary to the implicit finding by the trial court, we find the exclusion provisions of section C.7. of the policy to be clear and unambiguous. All of the damage claims asserted by the 16 year old and his mother against Sweet Factory, Inc. are interwoven with, and arise out of, the asserted sexual harassment of the minor plaintiff by Grady. This was basically conceded, however reluctantly, at oral argument. Given this fact it is immaterial whether that harassment is classified as physical or verbal, intentional or accidental. Coverage is excluded, hence there is no duty on the part of TIG to defend or indemnify.
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT FOR TIG INSURANCE COMPANY.
DAUKSCH and THOMPSON, JJ., concur.